The State of Iowa v. Roth.

I. Per Cole, J., Wright, Ch. J., and Lowe and Dillon, JJ., concurring.

1. Criminal law: STATUTORY OFFENSE. When an offense not cognizable at common law is made punishable by a statute which limits the circumstances under which a guilty party may be prosecuted, no presumption arises of an intention to render any person not clearly within the provisions of the statute, liable to punishment.

2. ——— DECLARATIVE STATUTE: COMMON LAW OFFENSES. When a statute is simply declarative, reënacting a common law offense, and annexing

limitations as to the persons to be punished, or the manner of prosecution under it, a person claiming exemption from its penalties must show himself clearly within the limitations.

II. Per Cole, J., Lowe and Dillon, JJ., concurring.

3. ——— PROSECUTION: STATUTE CONSTRUED. Section 4347 of the Revision of 1860, limits the right to commence prosecutions for adultery to the husband or wife of the guilty party: and the commencement of a prosecution by the husband or wife of one party against the other, does not authorize a prosecution against both.

III. Per Cole, J., Lowe and Dillon, JJ., concurring: Wright, Ch. J., expressing no opinion.

4. ——— INDICTMENT. An averment in an indictment for adultery that the prosecution was commenced by the husband or wife of the defendant is not conclusive upon, but may be controverted by, such defendant.

IV. Per Wright, Ch. J., dissenting.

5. ——— PROSECUTION. Under section 4347 of the Revision of 1860, a prosecution for adultery may be commenced by the husband or wife of either party; and the commencement of proceedings against either of the guilty parties, warrants the prosecution of both.

*Appeal from Des Moines District Court.*

Tuesday, October 25.

Prosecution for adultery, under § 4347 of the Revision. The defendant, a married man, was indicted jointly with Mary Slarrett, an unmarried woman; and it was averred, in the body of the indictment, that "this prosecution was commenced upon the complaint of Magdalina Roth, the wife of said John Roth." There was also indorsed on the back of the indictment: "A true bill, found at the instance, and upon the complaint of Magdalina Roth. Luke Hughes, foreman." The defendant, Mary Slarrett, was first tried, found guilty and sentenced; and before the jury was called for the trial of this defendant, his wife, Magdalina Roth, filed an affidavit, alleging that she never did commence this prosecution against her husband, nor did she ever intend to commence it, or consent thereto; that she did

appear before the grand jury to prosecute Mary Slarrett, but did not have a desire to, nor did she prosecute or complain against her husband ; and she asked that the prosecution be dismissed.   The defendant then filed a motion, based on the affidavit of his wife, to be discharged.   The motion was overruled.   The defendant then put in his plea of not guilty, and also denied all the averments of the indictment, and thereupon a jury was impanneled.   The defendant made a written confession in open court, as follows : " I confess an adultery with Mary Slarrett within the jurisdiction, and not yet barred by the statute. John Roth." And then introduced his wife as a witness, who testified to the same facts as set forth in her affidavit, which was all the testimony in the cause.   The defendant's counsel then asked fifteen instructions, presenting in as many different forms the single proposition, that the prosecution against this defendant must have been commenced by his wife, or the jury must find him not guilty ; all which were refused and excepted to ; and the court gave the following instruction, which was also excepted to, to wit : " The wife could not be considered as making a complaint against Mary Slarrett for adultery with her husband, without making the complaint against the husband as well."   The jury returned a verdict of guilty, upon which the court, after overruling a motion for a new trial, rendered judgment, and sentenced the defendant to six months' imprisonment in the county jail, and to pay a fine of one hundred and fifty dollars; from which he appeals.

*C. Ben Darwin* for the appellant.

*C. C. Nourse*, Attorney-General, for the State.

Cole, J.—The question involved in this case is as to the proper construction of the following statute : " Revision, § 4347 (2705).   Every person who commits the crime of adultery shall be punished by imprisonment in the peni-

tentiary not more than three years, or by fine not exceeding three hundred dollars and imprisonment in the county jail not exceeding one year; and when the crime is committed between parties, only one of whom is married, both are guilty of adultery and shall be punished accordingly. *No prosecution for adultery can be commenced but on the complaint of the husband or wife.*" This question is not only *res integra*, but it is *sui generis*, and so far as we have been able to extend our investigations, it has no parallel in the common or statute law, and is, therefore, purely an original question, to be decided without the aid of precedent.

Adultery, though in England cognizable criminally under the ecclesiastical law, was not indictable at the

1. CRIMINAL LAW: statutous offense. common law, and is not therefore punishable in this country, where we have no established religion, except it is made so by statute. Bishop on Crim. Law, § 46; 2 Id., 9; *The State* v. *Moore*, 1 Swan (Tenn.), 136. It is, hence, very competent for the legislature to prescribe not only the penalty for the offense, but to limit the circumstances under which a guilty party may be prosecuted; and no presumption arises of an intention to render any person liable to a prosecution, except those who are clearly within the provisions of the statute.

If, on the other hand, a statute was simply declarative or reënacting a common law offense, and annexed limita-

2. —— Declarative statute: common law offense. tions as to the persons to be prosecuted, or the manner of prosecution under it, then it would be necessary for a person claiming exemption from its penalties to show himself clearly within its limitations.

Under the ecclesiastical law, adultery is the voluntary sexual intercourse of a married person with a person other

3. —— Prosecution: statute construed. than the husband or wife; if such other person is unmarried, the offense is, as to such other, fornication, and not adultery. But our statute

has extended, the meaning of the offense of adultery, and declared that "when the crime is committed between par‑ ties, only one of whom is married, both are guilty of adultery, and shall be punished accordingly." Our statute also provides that "*no prosecution for adultery can be com‑ menced but on the complaint of the husband or wife.*" Was this provision incorporated in the statute simply to protect the partner or family from the public scandal attending the prosecution for the offense, or was it also in view of the fact that the penalty could not be visited upon the guilty party of such marriage, without, at the same time, in almost an equal degree, visiting it upon the innocent partner? Or, did the legislature regard the offense as primarily against the family, as tending to impose on the marriage a spurious issue, and as incidental only in its consequences to the public, and therefore left it with the innocent partner to demand the enforcement of the penalty or not, at pleasure? Adultery may be committed in three ways, namely: by a married man having sexual inter‑ course with an unmarried woman; by a married woman having the same with an unmarried man, and by either having the like intercourse with a married person of the opposite sex, other than such person's husband or wife. 2 Bishop on Crim. Law, § 10 *b*. Now, suppose the offense, under our statute, was committed in the last named man‑ ner, to wit: by a married person having sexual intercourse with a married person of the opposite sex, other than such person's husband or wife, could it be contended, with any show of reason, or in any legitimate view of the purpose and object of the limitation of our statute, that the partner, husband or wife, of one of the guilty parties might insti‑ tute a prosecution against the other guilty party, even against the solemn protestations of the husband or wife of such party? If so, what becomes of the protection which the statute was evidently designed to afford to the innocent

husband or wife and family of such party? If the view taken by the District Court be correct, then the instruction, as given in this case, would also be given in such case, and would be in substance as follows:

The husband could not be considered as making a complaint against the seducer of his wife for adultery with his wife, without making the complaint against the wife as well. Such view of the case and the statute seems so palpably erroneous on the bare presentation, as to require no further illustration. But, it may be claimed, that the statute refers to the *prosecution* simply, where it says that "no prosecution for adultery can be commenced but on the complaint of the husband or wife;" and, that when the prosecution is commenced, although aimed at only one of the guilty parties, since it is an offense which requires two to commit, and both of which guilty parties may be joined in the prosecution, therefore such prosecution being commenced by the husband or wife, may, at the pleasure of the State be made to include both. This view, it seems to us, gives an undue prominence to the word "prosecution," and leaves without due consideration the more definite words, "*the* husband or wife." What can be intended by the use of the definite article "the," preceding husband or wife, unless it refers to *the* husband or wife of the *party* against whom the prosecution is commenced. The object of the limitation of the statute, in our view, was to exempt the party from prosecution, unless the husband or wife of such party should commence the prosecution against him or her.

We have not overlooked the fact, that under our statute the crime of adultery may be committed by an unmarried person, who would, therefore, have neither husband or wife to commence the prosecution. Whether the limitation in the last clause of the statute has any application whatever to such person, or if it has, what application, is a

question which this case does not present, and it is not, therefore, necessary or proper for us to decide.

The indictment contains the averment that the prosecution was commenced upon the complaint of the wife, and 4. —— In- this averment was traversed by the defendant's dictment. plea, and the proof shows that this prosecution against this defendant was not so commenced. The motion to discharge the defendant was also made, based upon the same showing, and overruled, and the same question was made in the instructions asked and refused, and also in the motion for a new trial. Without now determining as to which is the proper method whereby to take advantage of such fact, we are clear that neither the averment in the indictment, nor the indorsement on its back, are conclusive against the defendant, but he may show the real fact, and when shown, may have the benefit of it; and as the defendant in this case has availed himself of it, at every stage of the proceedings, he has at least done so at the proper stage. The judgment of the District Court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

WRIGHT, Ch. J., *dissenting.* — I shall assume that if the instruction given by the court below, and set out in the foregoing opinion, is erroneous, then this case ought to be reversed, whatever views may be entertained of the manner of raising the question discussed, or of the conclusiveness of the action and finding of the grand jury. I therefore come at once to the consideration of the legal principle or construction of the statute contained in that instruction, without, by any means, committing myself to the proposition that the prisoner can go behind the affirmation of the jury, that the indictment was found " on the complaint of the wife."

At best, the clause of the statute under consideration,

The State of Iowa v. Roth.

may, and does, permit in too many instances, a crime which 5. — Prose- shocks the moral sense of community, to go cution. unpunished; but under the construction given to it by the majority, it becomes even more obnoxious and objectionable. It is certainly a monstrous anomaly that the feelings of society should be outraged, and a whole community injured by the undisputed commission of this offense, continued for months and years, and that, under the law, there is no remedy so long as the husband or wife, either from fear of his or her own degradation, declines or refuses to apply the remedy. But when we go one step further, and say that the wife of a guilty husband cannot complain against the wife of another husband, but can only complain of her husband, and that such other wife must escape punishment if her husband does not complain against her, the outrage, to my mind, is still greater, and we ought to hesitate long and be justified by the most cogent considerations before giving to the statute a construction, involving such consequences.

Not only so, but, under such a construction, adhering to the letter of the statute, I do not see how the guilty party, unmarried, ever could be complained against, or punished; for, having no guardian of his or her morals, no husband to be outraged, no wife to be injured, he or she may violate the law every day without fear of prosecution or punishment. Let it not be said that this conclusion is unwarranted from the premises. For if A. cannot complain against B., the husband of C., but is alone allowed to commence a prosecution against his own wife D., upon what ground is it that he can prosecute E., an unmarried man? And if he cannot, who can? No one, as I candidly think, according to the construction given to the statute by a majority of the court. And the consequence is, that E., though a most abandoned and debauched villain, must escape punishment entirely, and the only redress for the husband and society, under the

law, is that he shall prosecute his own wife, who, perhaps, has been led from the path of rectitude by the infamous wiles of her seducer—a redress which is partial, mortifying and demoralizing in its results, as it leaves the other, and but too often the most guilty party, to glory, with impunity, in his own shame and crime. If it be said that my brothers do not intend to go to this extent, I answer, it is a legitimate consequence of their argument, and it is, therefore, fair to thus state it.

The statute, however, was never intended to work so great a wrong upon society. If both parties to the adulterous intercourse are married, both may be punished. If one only is married, "both are guilty of adultery." Then follows the language, "No *prosecution* for adultery can be commenced but on the complaint of the husband or wife." If one party to the illicit intercourse is guilty, so is the other. A prosecution cannot be commenced, though, against one, without the partner in the crime being known also. The court, or grand jury, when advised, in the legitimate way, of the crime, necessarily knows both the guilty parties. When thus advised by husband or wife—when the one or the other complains, the "prosecution is commenced;" and the action of the tribunal being invoked, the law must take its course, and it is not in the power of the complainant to say that one of two equally guilty parties shall be punished and the other not. It is not the policy of the law, nor is its letter or spirit, that one party to the marital relation shall thus be allowed to discriminate and say who shall and who shall not be prosecuted and punished. The prosecution is to be taken and regarded as one—as a whole. The language of the statute is, not that no such prosecution can be commenced *against the other party to the marriage relation*, but on the complaint of the husband or wife of such party. And yet this is what it is made to mean in the majority opinion. But the language is, "no prosecution can be com-

menced." Prosecution for what? and against whom? For adultery, and against those guilty of the crime, I think, is the reasonable, natural, and ever necessary answer. If the injured husband or wife chooses to submit to the indignity, and is unwilling, or shall fail, to complain, I suppose that, under this statute, there is no redress. But if once the prosecution is commenced, whether against the guilty partner or the other participant in the crime, we have the complaint, the prosecution, and it is not for the complaining party to say, I want my wife or husband saved, and the other party punished. It is not for them to say that the law shall be vindicated in part, and that the other party shall go unpunished. Having made known the crime, and appealed to the law for the good of society and their own protection, they are not allowed to shrink from the consequences of their own act. And, hence, it was most justly held, in the case of *The State* v. *Dingee, ante*, where the wife had commenced a prosecution against her husband before a justice of the peace, but failed, and refused to continue the same before the grand jury, that she had passed the point of penitence, and that the prosecution must proceed, whether she made any further appearance or not, or however much she might object to it. And so I say, in this case, when the wife complained against Mary Slarrett, she could not do so without, in the language of the court below, "making the same against the husband as well." The law will not allow her to make a half complaint — to make a partial prosecution — to commence, and not to commence — to halve the adultery — to say to the grand jury do your duty, and have regard to the oaths you have sworn as to one party, but disregard all as to the other. But I am told that the language, "*the* husband or wife," means the husband or wife of the party against whom the prosecution is commenced. And stress is placed upon the definite article "the," as favoring this construc-

tion. I answer, that the legislature, in expressing their intention, had to use language either definite or indefinite, and suppose they had *a* husband or wife, instead of "*the*" husband or wife. Then any one, who was so fortunate as to have a husband or wife, could set the wheels of the law in motion, the unmarried portion of society only being insulted and wronged, without the power of redress. This, however, was not the purpose of the legislature, and hence they used the language more definite and limited in its scope and purpose. The meaning I think is, that *the* husband or wife, whose domestic peace and quiet has been disturbed, whose rights have been violated, who is unwilling to longer submit to the disgrace and ignominy, may commence the prosecution against either, or both the parties to the crime; and that while they alone can commence the prosecution, when once they do commence, it must go through, and the law take its course against all connected with the crime, or who are legitimately involved in the prosecution — not against them by name and in terms, *but in the crime* of which complaint is made.

I think the court did not err, and that the conviction should not be disturbed. A majority of the court conclude otherwise, however, and the judgment below must, therefore, be

Reversed.