STATE OF IOWA, APPELLEE, v. PETER H. HARMANN, Appellant.

Criminal law: PRODUCTION OF WITNESSES: NOTICE.  A cause will not
1  be reversed because of a mistake in the notice of the State's intention to call a witness who was not before the grand jury, unless prejudice is shown.

Adultery: INSTRUCTIONS: ASSUMPTION OF FACTS.  The trial court in
2  its instructions should not assume that any essential element of the crime charged has been established; but the manner of commencement of a prosecution for adultery is a question of procedure and not an essential element of the crime, and if the evidence that the prosecution was instituted by the wife is undisputed, the court may advise the jury that it was so commenced.

Indictment.  An indictment need not allege that a prosecution for
3  adultery was instituted by the other spouse.

Adultery: ELECTION OF ACTS.  Where the State elects upon what
4  particular act of adultery it will rely, the jury should be con-

fined in its consideration of the conduct of the parties to that time and place, especially where there is evidence of other acts of familiarity.

**Circumstantial evidence:** INSTRUCTION. Where the State relies upon circumstantial evidence for conviction the jury should be instructed that each material circumstance must be proven beyond a reasonable doubt.

**Misconduct in argument.** The statements of a prosecuting attorney in argument which are entirely outside the record, that can only serve to inflame the passions of the jury and to lead unthinking persons to take the law into their own hands, are improper and amount to misconduct.

*Appeal from Dubuque District Court.*— HON. FRED O'DON-NELL, Judge.

TUESDAY, JULY 2, 1907.

DEFENDANT was indicted, tried and convicted of `the crime of adultery, and from the judgment imposed appeals. — *Reversed.*

*M. H. Clary, T. H. Duffy,* and *Matthews & Frantzen,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

DEEMER, J.—Several propositions are relied upon for reversal of the judgment, to some of which we shall refer during the course of this opinion.

I.    The State gave defendant notice of the introduction of a witness' testimony who was not before the grand jury. The residence and occupation of the witness were stated to be Chicago, Ill., occupation that of housewife. The statute (Code, section 5373) says that the notice shall state the name, place of residence, and occupation of the witness, and we have held that even a mistake therein will not justify a re-

1. CRIMINAL LAW: production of witnesses: notice.

versal, unless defendant is prejudiced thereby. *State v. Anderson,* 125 Iowa, 501; *State v. Dale,* 109 Iowa, 97; *State v. Rainsbarger,* 74 Iowa, 196. The *Rainsbarger* case seems to be conclusive upon the proposition here involved.

II. In the third instruction the court told the jury that as a matter of fact this prosecution was commenced by defendant's wife. Prosecutions for adultery in this State

2. ADULTERY: instructions: assumption of facts.

must be commenced by defendant's wife, if he have one. Code, section 4932. But this fact does not enter into nor is it an essential element of the crime, and need not be proved beyond a reasonable doubt. *State v. Donovan,* 61 Iowa, 278. It is, of course, erroneous for the trial court to assume that any essential element of the crime had been established; but it must decide whether or not the prosecution has been properly instituted. This being true, if the testimony bearing thereon is undisputed, the court commits no error in saying that the case was properly instituted. *State v. Cunningham,* 111 Iowa, 233; *State v. Huff,* 76 Iowa, 203.

It is not necessary to state in the indictment that the prosecution was so commenced, and the fact may be proved without an allegation to that effect. As the matter relates

3. INDICTMENT.

purely to procedure, the trial court did not err in the instruction given. *State v. Roth,* 17 Iowa, 336; *State v. Andrews,* 95 Iowa, 451. See also, *State v. Athey,* 133 Iowa, 382.

III. Upon motion of defendant the State was required to elect as to what act of adultery it relied upon, and the county attorney stated that he chose May 29, 1904, as the

4. ADULTERY: election of acts.

date when the adultery was committed. In instructing the jury the trial court did not observe this election, but permitted the jury to inquire as to whether adultery had been committed in a certain office building at any time within eighteen months before the finding of the indictment. As there was testimony of fa-

miliarity at other times in this building, we think the instruction was erroneous.

IV.  Defendant asked this instruction: "(9) Where the conviction of a crime is sought on circumstantial evidence each circumstance necessary to reach a conclusion of guilt, must be fully and fairly proven, and, if in considering any such necessary circumstances you have a reasonable doubt in your mind as to the evidence being sufficient to fully prove such circumstance, such doubt should be solved in favor of the defendant, and you should return a verdict of not guilty." Nothing like it was given, and for failure to so instruct we think the court was in error. *State v. Cohen,* 108 Iowa, 208.

5. CIRCUMSTAN-
TIAL EVIDENCE:
instruction.

V.  In addressing the jury, the county attorney used the following language: " Instead of trying a case of adultery here, gentlemen of the jury, you should be here for the purpose of determining whether or not Jacob Keifer was guilty of murder if he had exercised his manhood, and taken a gun or pistol and shot through the heart of Dr. Harmann." To this defendant excepted. Counsel for the State also stated in argument: " It is absolutely immaterial whether the defendant bought him (Keifer) off or whether anybody bought him off." There was no testimony that Keifer was bought off, and the remarks of the attorney were purely gratuitous. Neither statement had any justification either in law or fact, and it is highly important that no such appeals be made. There is enough of a disposition for unthinking and unreasoning persons to take the law into their own hands without having it encouraged by ministers of the law. It was the duty of the attorney who made this statement to discourage the very thing which he was countenancing, and there was no other reason for making the statement than to inflame the passions and induce the jury to right a supposed wrong which a party had neglected to perform on his own behalf. This attorney was not even appealing to the so-called " un-

6. MISCONDUCT IN
ARGUMENT.

written law " of the land, for no one contends that Kiefer found his wife in *flagrante delicto;* and it was improper to suggest such a remedy as he here approved. The case in this respect is ruled by *State v. Proctor,* 86 Iowa, 698, and *State v. Helen,* 92 Iowa, 540, each of which is closely in point.

VI. The testimony offered in support of the charge relied upon by the State was very meager, and a majority of the court are of opinion that it was not sufficient to justify a conviction. This is said in view of a possible retrial. If the State has no additional testimony to establish adultery between defendant and Mrs. Kiefer on May 29, 1904, it may as well, in view of the opinion of the majority, dismiss the case.

For the errors pointed out the judgment must be, and it is, *reversed.*