(118 N. W. 228.)

---

### STATE OF NORTH DAKOTA v. JOSIE WESIE.

Opinion filed October 29, 1908.

**Criminal Law — Adultery — Spouse May Prosecute Either or Both Guilty Parties.**

> Section 8903 of the Revised Codes of 1905 reads: "Adultery is the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife; and when the intercourse is between a married woman and a man that is unmarried the man is also guilty of adultery. No prosecution shall be commenced except on the complaint of the husband or wife, and no prosecution shall be commenced after one year from the time of the committing of the offense."
>
> *Held* that by the provisions of this section the spouse of either of the guilty parties is empowered to make complaint against either or both of them.

Appeal from District Court, Cass County; *Pollock, J.*

Josie Wesie was charged, on information with adultery, and from a judgment sustaining a demurrer to the information, the state appeals.

Reversed and remanded.

*Wm. H. Barnett,* State's Attorney, and *S. W. Richardson,* Assistant State's Attorney, for the state.

Adultery is a crime against the state as well as innocent party. State v. Clemenson, 99 N. W. 139.

Spouse of the married party to adultery may prosecute the unmarried participant. Parson v. People, 21 Mich. 509; Bayliss v. People, 9 N. W. 257; People v. Davis, 18 N. W. 362; Wilson v. Circuit Court, 62 N. W. 293; State v. Brecht, 42 N. W. 602.

*V. R. Lovell,* for respondent.

Prosecution for adultery can only be by spouse of the person charged with offense. State v. Bennett, 31 Iowa, 34; State v. Mahan, 46 N. W. 855; People v. Dalrymple, 22 N. W. 20.

SPALDING, J. This is an appeal from a judgment of the district court for Cass county, sustaining a demurrer to an information charging the respondent, a married woman, with having committed the crime of adultery with one Pratt, a married man, and not the husband of said respondent. The information further alleges that the prosecution against the respondent was begun upon the complaint of the wife of said Pratt. The only question for determination is whether the wife of a man charged with adultery is, under the statute, competent to make complaint, as a basis for the institution of a criminal prosecution, against the other party to the crime, namely, the guilty woman. Section 8903 of the Revised Codes of 1905 provides, among other things, that "no prosecution for adultery shall be commenced, except on complaint of the husband or wife." The construction of this clause will determine this appeal. The same section defines adultery as "voluntary sexual intercourse of a married person, with a person other than the offender's husband or wife," and provides that when the intercourse is between a married woman and a man that is unmarried, the man is also guilty of adultery. The state contends that the prosecution can be instituted against either of the guilty parties, by the spouse of either one of them, while the respondent insists that the statute, correctly construed, admits only of a prosecution upon the complaint of the spouse of the party who is being proceeded against; hence that the prosecution cannot proceed or be maintained, or a conviction had, based upon the complaint of Mrs. Pratt against Mrs. Wesie. Laws of this character are evidently enacted for the purpose of protecting the sanctity of the home, and in recognition of the principle that the crime of adultery is a crime peculiarly infringing upon the rights of the innocent parties to the marriage relation, and that if such innocent parties see fit to condone the offense, and from a desire to avoid scandal and humiliation, and to preserve the integrity of the home, and prevent the disgrace of children and relatives, refuse to prosecute, the public is not sufficiently interested or injured to justify the institution of criminal proceedings, as in other cases, by any member of the community.

It may be assumed at the outset that the meaning of this statute in respect to who is competent to make the complaint within the limits mentioned is not clear, and that in such case the court is justified in seeking aid from the apparent intention of the legislature, and the construction which other courts have placed upon similar or identical language in statutes of other states. When the crime of adultery is committed between parties who are married, it is an injury to two innocent parties. The act cannot be committed by one person alone, but requires the participation of two, and the husband and wife of the guilty parties are each injured, as the guilty party not only injures his own spouse, but in the same measure injures the spouse of the other party to the crime, and we are of the opinion that the intent of the legislature was to provide for the commencement of the prosecution for this crime by either of the injured parties against either or both of the guilty ones. We are supported in this conclusion by what we consider the better reason, by authority, and by certain facts of history connected with this legislation, as well as by consideration of the whole of section 8903, supra. This provision is found in the statutes of Michigan, Minnesota, and Iowa, and has been passed upon by the courts of each of these states. It is held in Bayliss v. People, 46 Mich. 221, 9 N. W. 257, that the complaint may be made by the spouse of the party who is not being prosecuted; and in People v. Davis, 52 Mich. 569, 18 N. W. 362, the court states that it sees no reason to doubt the correctness of the decision in Bayliss v. People. It has been referred to and passed upon in other Michigan cases, which it is unnecessary to refer to. In State v. Brecht, 41 Minn. 50, 42 N. W. 602, the supreme court of Minnesota, in passing upon this provision, uses the following language: "It must be entirely apparent, the policy of the statute as to this offense being that, if the parties injured choose to acquiesce in the matter, where there are two persons injured, either may complain; as, where the guilty parties are both married, the husband of the one or the wife of the other may make the complaint."

In Iowa the opposite conclusion has been reached, but the court of that state has held that an exception exists to the rule which they have established, when one of the guilty parties is unmarried. In such case it holds that the complaint may be made by the spouse of the guilty married party, against the guilty unmarried party.

It is unnecessary to discuss at length the reasoning of the court,. but we see no reason for excluding the guilty married party, and at the same time including the guilty unmarried party, in the construction of the language in question, when it is clearly as applicable to one as to the other. This detracts very largely in our estimation from the weight which should be given the Iowa authorities upon this question. One of the authorities cited from that state is State v. Roth, 17 Iowa, 336. The decision was by a divided court; and, while a strong argument is made in the majority opinion in support of its theory, we deem the reasoning of Chief Justice Wright, in his dissenting opinion, far more convincing than that of the majority. Some of his reasoning is worthy of quotation. Among other things, he says: "At best the clause of the statute under consideration may and does permit, in too many instances, a crime which shocks the moral sense of the community to go unpunished; but, under the construction given to it by the majority, it becomes even more obnoxious and objectionable. It is certainly a monstrous anomaly that the feelings of society should be outraged, and a whole community injured, by the undisputed commission of ˎthis offense continued for months and years, and that, under the law, there is no remedy so long as the husband or wife, either from fear of his own or her own degradation, declines or refuses to apply the remedy. But when we go one step further and say that the wife of a guilty husband cannot complain against the wife of another husband, but can only complain of her husband, and that such other wife must escape punishment if her husband does not complain against her, the outrage,. to my mind, is still greater, and we ought to hesitate long, and be justified by the most cogent considerations, before giving to the. statute a construction involving such consequences. * * *: And so I say in this case, when the wife complained against Mary Slarrett, she could not do so without, in the language of the court: below, 'making the same against the husband as well.' The law will not allow her to make a half complaint, to make a partial prosecution, to commence, and not to commence, to halve the adultery,. to say to the grand jury, 'Do your duty, and have regard to the oaths you have sworn as to one party, but disregard all as to the other.' But I am told that the language 'the husband or wife" means the husband or wife of the party against whom the prosecution is commenced. And stress is laid upon the definite arti-

cle 'the' as favoring the construction. I answer that the legislature, in expressing their intention, had to use the language, either definite or indefinite, and suppose they have 'a' husband or wife, instead of 'the' husband or wife. Then any one who was so fortunate as to have a husband or wife could set the wheels of law in motion, the unmarried portion of society only being insulted, and wronged without the power of redress. This, however, was not the purpose of the legislature, and hence they used the language more definite and limited in its scope and purpose. The meaning, I think, is that the husband or wife whose domestic peace and quiet have been disturbed, whose rights have been violated, who is willing to submit to the disgrace and ignominy, may commence the prosecution against either or both of the parties to the crime; and that, while they alone can commence the prosecution, when once they commence, it must go through, and the law take its course with all connected with the crime, or who are legitimately involved in the prosecution—not against them by name and in terms, but in the crime of which complaint is made." Again it is self-evident, in view of the provisions of the section quoted, that where an unmarried man is guilty of the crime of adultery, if the contention of the respondent in this case is to be sustained, the legislature has branded him as a criminal, but has provided no possible means whereby he can be prosecuted. Such an absurdity goes a long way toward sustaining the contention of the state.

There is, however, one additional reason supporting our construction of this language. When the code was revised and re-enacted in 1895, as shown by the records, it included the words "of the accused," making the provision read, "No prosecution for adultery shall be commenced except on the complaint of the husband or wife of the accused." The added words were omitted from the code as printed and in 1897 the legislature amended the section in question by striking out the limitation. Undoubtedly the legislature had two objects in doing this, one of which was to make the law stand as printed in the code, and the other to open the door to prosecution being commenced by either innocent party against either guilty party. We are not justified in presuming that the only purpose of the legislature was to harmonize the law with the printed code, because, had this been its only intent, it could have re-enacted the provision, and included the words omitted in the printed law.

The judgment is reversed, and the cause remanded.