STATE OF IOWA v. B. L. CONKLIN, Appellant.

**Criminal law:** ADULTERY: COMMENCEMENT OF PROSECUTION. Where
1   the information charging a husband with adultery was signed and sworn to by the wife the prosecution was commenced on her complaint. Evidence held to support a finding that the wife knowingly signed the information in the instant case.

**Same:** EVIDENCE. Evidence held sufficient to connect defendant with
2   commission of the crime of adultery and to take the issue to the jury.

*Appeal from Washington District Court.*—HON. HENRY SIL-WOLD, Judge.

TUESDAY, APRIL 14, 1914.

THE defendant was convicted of having committed adultery and appeals.—*Affirmed.*

*P. J. Hanley,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

LADD, C. J.—I. As the information charging defendant with having committed the offense was signed and sworn to by his wife, the prosecution was commenced on her complaint (*State v. Dingee,* 17 Iowa, 232), if she was aware of what she was doing. She testified that, in signing and swearing to the information, she supposed she was executing papers incident to the procurement of a divorce, and was not aware until afterwards that she was prosecuting her husband criminally. The testimony of the county attorney was to the effect that she was fully informed of precisely what she was doing, and this was strongly corroborated by other evidence adduced. The issue was for the jury, which was fully warranted in deciding that the prosecution was commenced on the complaint of defendant's wife. *State v. Athey,* 133 Iowa, 382; *State v. Leek,* 152 Iowa, 12; *State v. Briggs,* 68 Iowa, 416.

1. CRIMINAL LAW: adultery: commencement of prosecution.

II. The court instructed the jury that, according to the testimony of the woman with whom the offense was alleged to have been committed, she was an accomplice, and, this being so, to justify conviction there must have been other testimony tending to connect the defendant with the commission of the offense. Section 5489, Code. She testified that she was employed as a domestic in a family in Washington, Iowa, and, when in a park of that city, defendant introduced himself to her and sat with her about half an hour, talking of mutual acquaintances at Keota, where her folks lived and he had a brother; that several days later, while driving a gray horse with buggy about 8 or 8:30 or 9 o'clock in the evening, he invited her to ride with him, which she did, whereupon he drove "south, then east a ways, then came out on East Washington street, and drove out east of town about four miles," and there had intercourse with her, returning about 10 or 10:30 o'clock, after the 9:45 train had passed; that he took her out riding about a week later, and that she met him near the waterworks, when he wanted her to go riding, having his horse near by, and she would not; that after that he

2. SAME: evidence.

spoke to her on the street but she did not recognize him, and he called her "sorehead." The defendant admitted having talked with her in the park, but denied ever having taken her out riding or having had intercourse. He testified that he talked with her about assisting his wife in the laundry; that he again spoke to her on the same subject near the gasworks, at which time they arranged to meet near the water-works two evenings later, when she would let him know; and that they met as agreed, when she told him that she would think it over, and that she did not talk with him afterwards. He had been convicted of having received stolen property, and had no visible means of support save from earnings of his wife in operating a laundry at her home. The jury, then, might well have concluded that meetings of these parties proven by others and admitted by defendant were for some other purpose than the employment of her to iron for his wife. Though defendant denied having taken her out riding, her testimony that he did so is corroborated by the evidence of four witnesses who were riding along East Washington street between 8 and 9 o'clock in the evening, one of whom identified both defendant and his accomplice; two recognized defendant and were certain the woman riding with him was not his wife; and the fourth thought she did not look like his wife. Both the date and the hour corresponded with those fixed by the alleged accomplice when she rode out with defendant on the evening of the alleged offense, and the witnesses must have passed them when starting out rather than returning. She did not testify to the direction they drove on East Washington street, as is assumed in argument, nor that they passed over that street but once. We are of opinion that this evidence tended to connect defendant with the commission of the offense, and, when considered in connection with other evidence confirming the details of the story of the accomplice, was sufficient to carry the case to the jury. *State v. Thompson,* 87 Iowa, 671; *State v. Miller,* 65 Iowa, 60; *State v. Dorsey,* 154 Iowa, 298.

III. The attorney prosecuting for the state was not guilty of misconduct, and we are not inclined to interfere with the sentence, in response to the contention that imprisonment in the county jail would have been sufficient punishment.

There was no error, and the judgment is—*Affirmed.*

DEEMER, GAYNOR, and WITHROW, JJ., concur.