# LOGAN STONE AND ADA SHOEMAKER v. STATE.

No. A-2355.  Opinion Filed March 15, 1916.

(155 Pac. 701.)

1. JURY—Selection of Jurors—Challenge for Cause—Information of Opinion—Question of Law and Fact—Preliminary Showing.  The issue raised upon a challenge for cause to a juror in a criminal case on the ground that he has formed or expressed an opinion as to the issues to be tried, founded upon rumor, statements in public journals or common notoriety, is one of mixed law and fact to be determined by the court.  Before the court can so determine, it must be shown by the examination of the juror upon his voir dire, not only that his opinion was formed solely in the manner stated, but in addition to this, the juror must swear unequivocally that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence.  (Section 5861, Rev. Laws.)

2. JURY—Discretionary Ruling—Challenge for Cause.  The trial court's refusal to sustain a challenge to a juror for cause will not be disturbed by the appellate court, where it appears from the examination of such juror that he had not talked with anyone who purported to know about the case of his own knowledge, but had heard neighborhood rumor about the case, and that he had no opinion other than that derived from such rumor, and that he was positive that he could disregard that opinion, and try the case solely upon the evidence, fairly and impartially.

3. ADULTERY—Right to Prosecute—Husband and Wife.  Under Penal Code (section 2431, Rev. Laws), ''Prosecution for adultery can be commenced and carried on against either of the parties to the crime, only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime.''  Held, that, by the provisions of this section, the spouse of either of the guilty parties is authorized to make complaint and carry on the prosecution against either or both of them.

4. INDICTMENT AND INFORMATION — Objections — Fine for Making.  Objections to an indictment or information based upon the absence of any essential preliminary proceeding should be made by proper motion or plea, before pleading to the merits.

5. INDICTMENT AND INFORMATION — Objection—Sufficiency— Introduction of Evidence.  Objections to the sufficiency of an indictment or information should be taken by a demurrer thereto as provided by our code of criminal procedure (section 5791, Rev. Laws).  Our code further provides:  ''When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except

that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment.'' (Section 5799, Rev. Laws.)  Under this provision if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question.

6.    **ADULTERY** — Information—Allegations—Prosecuting Witnesses. While it is not essential to the sufficiency of an information for adultery that it should allege that the prosecution was commenced on the complaint of the husband or wife, as the case may be, the better practice would be to allege the name of the spouse, and that he or she was the complaining and prosecuting witness in the case.

*Appeal from District Court, Delaware County;*
*John H. Pitchford, Judge.*

Logan Stone and Ada Shoemaker, convicted of adultery, appeal.   Affirmed.

*Ad V. Coopedge, Geo. W. Fields, Jr.* and *Ben F. Williams,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiffs in error were jointly tried and convicted in the District Court of Delaware county on an information charging that in said county on or about the 5th day of January, 1913, they did, "commit the crime of adultery; in the manner and form as follows, to-wit: they, the said Logan Stone and Ada Shoemaker, then and there being, then and there did unlawfully, voluntarily and feloniously have sexual intercourse with each other, each of the opposite sex, not husband and wife, the said Logan Stone being a married man and the said Ada Shoemaker being a married woman contrary to," etc.

The jury by their verdict assessed the punishment of Logan Stone at four years imprisonment in the penitentiary, and the punishment of Ada Shoemaker at three years imprisonment in the penitentiary.

From the judgments rendered on the verdict they appeal.

The evidence for the state established or tended to establish the following facts:

The prosecuting witness, John Shoemaker, married his wife Ada in 1910, and they lived on his place about four miles east of Jay, in Delaware county until sometime in 1913. The defendant Logan Stone, a married man, father of six or seven children, lived with his family about three miles east of Jay.

The prosecuting witness testified that on January 5, 1913, he saw Logan Stone ride up to his house and go in; that he slipped up to the house and forced the door open and found his wife Ada Shoemaker and Logan Stone in bed together; that Logan Stone raised up in the bed and he thought he had a gun so he went away. That one night about a month before that Amos and Albert Peyton were at his house playing cards; about nine o'clock his wife quit the card game and went out, a little later he followed her out and saw her standing in the yard talking to Logan Stone, that he went back into the house and got a gun and came out and shot at Stone as he ran away; that whenever he would leave home, on his return he would find Logan Stone there with his wife. He identified his signature to the original complaint filed with the examining magistrate.

Four or five witnesses testified to having seen the defendant frequently visit John Shoemaker's home in his absence. One witness testified to having seen the defendants in the woods near Deerlick prairie, and there was no house within half a mile of the place, and that another time he saw them in a hollow near Shoemaker's place, and they were lying down. Two or three witnesses testified that they heard the defendant Ada Shoemaker tell the defendant Logan Stone that he was the father of her baby. The defendants did not testify, and the evidence on the part of the state was uncontradicted.

It is contended that the court erred in overruling challenges for cause to jurors Davis and Ridenhour. The examination of these jurors was quite extended and it could serve no good pur-

pose to restate the same. It is sufficient to say that both jurors stated in substance that they had heard neighborhood rumors about the case and that they both heard George Pitts talk about the case; that Pitts said that he was simply repeating what he had heard. Each stated that he had formed an opinion from what he had heard. Each stated in his examination by the court that notwithstanding such opinion he could and would act impartially and fairly upon the matters to be submitted to him, and would render a fair and impartial verdict under the evidence of the witnesses and the law as given by the court.

Under our statute the mere expression of an opinion by a juror in common conversation, without anything to show ill will, hostility, or a fixed determination of belief, is not a legal ground of challenge for cause. In order to disqualify the juror there must be, "the existence of a state of mind on the part of the juror, in reference to the case, or to either party, which satisfies the court. in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging," section 5858 Rev. Laws.

The issue raised upon a challenge for cause to a juror in a criminal case on the ground that he has formed an opinion founded upon rumor, statements in public journals, or common notoriety is one of mixed law and fact to be determined by the court. Before the court can so determine it must be shown by an examination of the juror, upon his *voir dire,* not only that his opinion was formed solely in the manner stated, but in addition to this, the juror must swear unequivocally that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence. Section 5861 Rev. Laws.

*Gentry* v. *State,* 11th Okla. Cr. 355, 146 Pac. 719.

Under the statute and the decisions of this court there can be no doubt that these jurors were competent and qualified. The challenges for cause were properly overruled.

It is next urged that the information is insufficient to charge the crime of adultery.

The record shows that the first objection to the sufficiency of the information was made when the prosecuting witness Shoemaker was sworn and called as the first witness for the state, at which time the defendants' counsel objected to the introduction of testimony "for the reason that the information does not charge an offense against the defendants or either of them; and the information does not show that this action was commenced or is being prosecuted by either the respective husband or wife of the defendants."

Objections to an indictment or information based upon the absence of any essential preliminary proceeding should be made by proper motion or plea before pleading to the merits. Objections to the sufficiency of an indictment or information should be taken by a demurrer thereto as provided by our code of criminal procedure. Section 5791 Rev. Laws. Our code further provides:

"When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Section 5799 Rev. Laws.

Under this provision if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question. However, when the objection to an information for a defect of form, apparent on the face thereof is raised for the first time by objection to the introduction of evidence, it comes too late and the objection should be overruled if the facts stated constitute a public offense.

Our penal code defines adultery as follows:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex; and when the crime is between persons, only one of whom is married, both are guilty of adultery. Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the

husband or wife of the other party to the crime: . Provided, that any person may make complaint when persons are living together in open and notorious adultery." Section 2431 Rev. Laws.

Upon the objection as made, the first question for determination is whether under the statute the prosecution was sufficiently commenced against the parties charged by the husband of the woman verifying the original complaint filed before the committing magistrate.

This question is settled against the defendants' contention in the case of *Heacock* v. *State,* 4th Okla. Cr. 606, 116 Pac. 949, where it was held that the verification of the information in a prosecution for adultery by the husband or wife of one of the accused, filed before the committing magistrate, is a .sufficient commencement of the prosecution.

The apparent intention of the legislature as to this offense being that if the parties injured wish to condone the wrong done, then no one else ought to be allowed to move in the matter; and, where there are two persons injured, either may complain, as, where the guilty parties are both married, the husband of the one or the wife of the other may make the complaint against either or both of the parties to the crime.

*Kitchens* v. *The State,* 10th Okla. Cr. 603, 140 Pac. 619;

And see *State* v. *Wesie,* 17 N. D. 567, 118 N. W. 20, 19 L. R. A. (N. S.) 786.

The next question for determination is, was it necessary to allege in the information that the prosecution was so commenced.

Our code of criminal procedure, section 5738 Rev. Laws requires only that the indictment or information contain, "a statement of the acts constituting the offense, in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended."

The making of the complaint is not an element of the offense, but it is a condition to its prosecution. The description of the offense is complete without reference to it.

Under statutes which provide that the prosecution can be commenced only upon the complaint of the husband or wife it is not necessary to allege that the prosecution was so commenced.

2 Corpus Juris 18.

In the case of *State* v. *Anderson,* 140 Iowa 445, 118 N. W. 772, the Supreme Court of Iowa held "In an indictment for adultery, under the statute, it is not necessary to allege that the prosecution was commenced on the complaint of the husband or wife."

And see *People* v. *Isham,* 109 Mich. 72, 67 N. W. 819, and *State* v. *Brecht,* 41 Minn. 50, 42 N. W. 602.

While it is our opinion that the objection to the introduction of testimony was properly overruled, yet we think it would not be unprofitable to offer a suggestion upon the subject of indictments and informations charging adultery. It seems to us that under our statute which provides that the prosecution can be commenced and carried on only by the husband or wife of a party to the crime, the better practice would be to allege the name of the spouse and that he or she was the complaining and prosecuting witness in the case. Under this rule the information in question would contain, before the concluding clause, the words "the wife of John Shoemaker, the complaining and prosecuting witness in this case."

No exceptions were taken on the trial to the instructions given by the court to the jury and the charge upon material points was as favorable to the defendants as they had a right to demand.

In view of the disclosures in the record, we are impelled to the conclusion that the sentences imposed are excessive, and that substantial justice requires a modification of the judgments rendered upon the verdict of the jury.

It is therefore ordered that the judgment against the defendant Logan Stone be modified from four years to three years imprisonment in the penitentiary, and the judgment against the defendant Ada Shoemaker be modified from three years to imprisonment for one year. As thus modified the judgments appealed from are affirmed.

FURMAN and ARMSTRONG, JJ., concur.