[No. 17932.   Department One.   July 13, 1923.]

THE STATE OF WASHINGTON, *Respondent* v. GUST
SWAZEY, *Appellant*.[1]

ADULTERY (2)—INFORMATION—SUFFICIENCY — COMPLAINT OF IN-
JURED SPOUSE.   Under Rem. Comp. Stat., § 2457, providing that no
prosecution for adultery shall be commenced except on complaint
of the husband or wife made before a committing magistrate, or
by filing an affidavit with the prosecuting attorney, an information
for adultery is fatally defective unless it alleges that the prosecution
was commenced on the complaint or affidavit as prescribed by the
statute.

SAME (2)—PROSECUTION—FILING OF AFFIDAVIT BY INJURED SPOUSE.
It is not a compliance with such section that the information was
verified by one of the same name as stated in the information to
be the injured husband, to the effect that he believes it to be true.

HOLCOMB and MITCHELL, JJ., dissent.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered December 11, 1922,
upon a trial and conviction of adultery.   Reversed.

*Fred M. Bond,* for appellant.
*John I. O'Phelan* and *A. D. Gillies,* for respondent.

MACKINTOSH, J.—The appellant was charged by in-
formation with the crime of adultery, under § 2457
Rem. Comp. Stat. [P. C. § 8769], which provides as
follows:

"Whenever any married person shall have sexual
intercourse with any person other than his or her law-
ful spouse, both such persons shall be guilty of adul-
tery and upon conviction thereof shall be punished by
imprisonment in the state penitentiary for not more
than two years or by a fine of not more than one thou-
sand dollars: *Provided,* That no prosecution for viola-
tion of the provisions of this section shall be com-
menced except on complaint of the husband or wife

[1]Reported in 216 Pac. 877.

made before a committing magistrate, or by filing an affidavit with the prosecuting attorney, nor after one year from the commission of the offense.''

The information contains no statement that the prosecution had been ''commenced . . . on complaint of the husband or wife made before a committing magistrate or by filing an affidavit with the prosecuting attorney.'' The appellant objected to the information for the reason of such omissions. Section 2457 was enacted by the legislative session of 1917 (Laws of 1917, p. 341), and prior to that time § 205, ch. 249, Laws of 1909, p. 950, was in effect, which was exactly in the same language as § 2457, except that there has been added ''or by filing an affidavit with the prosecuting attorney.''

This court in *State v. La Bounty,* 64 Wash. 415, 116 Pac. 1073, had occasion to consider the exact question now before us, under the act of 1909, and Judge Dunbar, in rendering the opinion of the court, said:

''One of the rights of defendant charged with this crime would be to know whether the complaint had been made by the husband or wife as prescribed by law. This information he would have a legal right to have before he could be put upon trial. The only way that he could obtain it would be from the information or indictment itself. If the indictment or information did not disclose this fact, it would be subject to a demurrer as any other indictment would be that did not comply with the terms of the law upon which it was based. The demurrer would have to be decided upon the face of the information, and not upon testimony adduced. Hence, we conclude that the statute prescribes a rule of law instead of a rule of evidence.''

This decision would seem to be conclusive of the matter before us and to entitle the defendant to his discharge.

The information in the instant case was verified by one of the same name as the person stated in the charging part of the information as being the husband of the woman charged jointly with the defendant with the crime, and some contention is made that this is a sufficient compliance with the statute. We do not so view it. The statute provides that the offended husband must file an affidavit with the prosecuting attorney, and a mere verification of an information is not a compliance with the statutory requirement, nor does this verification meet the rule laid down by Judge Dunbar that the information shall disclose the fact that the complaint has been made as prescribed by law. Section 2051, Rem. Comp. Stat. [P. C. § 9264], relating to verification, is as follows:

"All informations shall be verified by the oath of the prosecuting attorney, complainant, or some other person."

The verification in the instant case is merely that the subscriber to it has read the information, knows the contents thereof and believes the same to be true. It cannot be held that this is the affidavit contemplated by the statute. The verification, under § 2051, need not be made by the complainant.

Under the authority of the *La Bounty* case, *supra,* the judgment is reversed and the defendant discharged.

MAIN, C. J., concurs.

BRIDGES, J. (concurring)—Concurring in the foregoing opinion, I wish to express my views.

Before the prosecuting attorney filed his information against the appellant, the husband of the woman with whom the appellant is alleged to have had the unlawful relations made a written complaint against appellant, charging him with the alleged offense with his wife.

This complaint was duly verified by the husband and filed with a committing magistrate. It was upon this complaint that the information was based. I am satisfied that the making and filing of that complaint was sufficient to comply with that provision of the statute quoted in main opinion to the effect that,

"no prosecution for violation of the provisions of this section shall be commenced except on complaint of the husband or wife made before a committing magistrate or by filing an affidavit with the prosecuting attorney, nor after one year from the commission of the offense."

Were it not for the case of *State v. La Bounty,* cited and quoted in the foregoing opinion, I should favor an affirmance of the judgment. In that case we held, in substance, that it must be recited in the information that the injured spouse made complaint as required by statute. The information in this case does not contain this averment. If we had not long ago held that the information is bad because of failure to make this allegation, I would be of the opinion that such was not required by the statute and was not necessary. But our decision to the contrary has stood for years; it does not affect a right of property but is merely a rule of pleading, and it ought not at this time to be overruled. For these reasons I concur.

HOLCOMB, J. (dissenting)—I cannot concur in the foregoing opinion.

The decision in *State v. La Bounty,* 64 Wash. 415, 116 Pac. 1073, was not good law either, and should be overruled. The opinion in that case contained not a single citation of authority upon the question. It was there held that it was necessary to allege that the offended spouse complained of the accused in order to properly allege the crime of adultery under the statute.

The statute provides that the complaint may be made by the offended spouse before a committing magistrate, or by filing an affidavit with the prosecuting attorney. The record in this case shows that the prosecution was commenced by the injured spouse by a complaint made before a committing magistrate, who committed appellant to the superior court for trial upon the accusation. That complied with the statute as to the complaint being made by the injured spouse. It certainly has never been necessary in the prosecution of any criminal charge to allege that proceedings had been had in an inferior tribunal. The supreme court of Minnesota, in passing upon a case under a similar statute constituting adultery on the part of a married woman, the sole difference between it and our statute, except that the statute there did not provide for a complaint being made before a committing magistrate, held that where a complaint was made before a committing magistrate and the accused bound over for trial to the district court, the case had been properly commenced by the injured spouse. *State v. Dlugi*, 123 Minn. 392, 143 N. W. 971, decided in 1913.

The supreme court of Iowa decided in 1914 that, where an information charging the defendant with having committed the offense of adultery was signed and sworn to by his wife, the prosecution was commenced on her complaint. *State v. Conklin*, 164 Iowa 718, 146 N. W. 821.

The information in this case was signed and sworn to by Joe Beten, the injured spouse, which alleged that appellant had committed the offense of adultery on August 11, 1922, and prior thereto, with Mary Beten at the time the lawful wife of Joe Beten, and not the wife of appellant. The facts alleged in the information and the fact that they were sworn to by Joe Beten cer-

tainly distinguish this case from the *La Bounty* case, *supra*, in any event.

The judgment should therefore be affirmed.

MITCHELL, J., concurs with HOLCOMB, J.