STATE OF NORTH DAKOTA, Respondent, v. HARRY O. BECK, Appellant.

(202 N. W. 857.)

**Adultery — not necessary to allege in information that prosecution was commenced by husband or wife.**

1. In an information charging the crime of adultery, under § 9579, Compiled Laws of 1913, it is not necessary to allege that the prosecution was commenced by the husband or wife.

Note.— (3) Right of injured spouse to discontinue prosecution for adultery, see annotation in 4 A.L.R. 1340; 1 R. C. L. 640; 1 R. C. L. Supp. 224.

**Adultery — failure to allege in information that prosecution was commenced on complaint of husband or wife does not make information had on demurrer.**

2. Under § 10,695, Compiled Laws of 1913, the information is sufficient if it contains statements of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and since the statutory requirement in § 9579, Comp. Laws, 1913, that "no prosecution for adultery shall be commenced except on the complaint of the husband or wife" is not an ingredient of the offense of adultery, and is only a matter of procedure, the failure to include such allegations in the information does not render the information vulnerable to demurrer.

**Adultery — husband or wife commencing prosecution has no further control thereof.**

3. The provisions in § 9579, Comp. Laws, 1913, namely, "that no prosecution for adultery shall be commenced except on the complaint of the husband or wife" is mandatory, but when the prosecution is commenced, on the complaint of the husband or wife, the general criminal procedure of the court is invoked and complete, and the husband or wife, has no further control of the prosecution.

Opinion filed March 11, 1925.

Adultery, 2 C. J. § 21 p. 17 n. 83; § 23 p. 18 n. 99; § 24 p. 18 n. 2; § 26 p. 19 n. 7.

Appeal from the judgment of the District Court of Richland County, McKenna, J.

Affirmed.

Max Lauder, for appellant.

W. L. Divet and C. E. Lounsbury, for respondent.

BURKE, J.  The defendant was convicted of the crime of adultery and it is his contention that the court erred, first, in overruling a general demurrer to the information, second, in overruling a plea in bar, and third, in not granting the defendant's motion to advise the jury to acquit the defendant on the ground and for the reason that the defendant's wife had not knowingly and intentionally made the complaint against the defendant upon which the prosecution was commenced. The alleged errors will be considered in the order named.

The objection to the information is that it does not state facts sufficient to constitute the crime of adultery for the reason that there is no allegation in the information that the prosecution was commenced on the complaint of defendant's wife. All of the errors assigned relate to the provision in the adultery statute (Comp. Laws, 1913 § 9579) *"that no prosecution for adultery shall be commenced except upon• the complaint of the husband or wife."* This provision in the statute is not an ingredient of the crime of adultery. It is only a matter of procedure. Section 10,685 of the Compiled Laws of 1913 states what the information or indictment must contain, and under subdivision two of said section the information must contain :—

"A statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended."

An information which complies with this section, and the information in this case does, is not vulnerable to demurrer. Section 10,693, Comp. Laws, 1913, states when an indictment or information is sufficient and subdivision six reads as follows:—

"That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language without repetition and in such manner as to enable a person of common understanding to know what is intended."

If the acts constituting the crime of adultery are set forth as provided in this section, and they are so set forth, the information is sufficient. This construction is supported by the great weight of authority of the states having a similar adultery statute.

An indictment for adultery need not allege that the prosecution was instituted by the injured spouse. State v. Ayles, 74 Or. 153, 145 Pac. 19, Ann. Cas. 1916E, 738; State v. Anderson, 140 Iowa, 445, 118 N. W. 772; State v. Harmann, 135 Iowa, 167, 112 N. W. 632; State v. Andrews, 95 Iowa, 451, 64 N. W. 404; State v. Maas, 83 Iowa, 469, 49 N. W. 1037; State v. Mahan, 81 Iowa, 121, 46 N. W. 855; State v. Briggs, 68 Iowa, 416, 27 N. W. 358; People v. Payment, 109 Mich. 553, 67 N. W. 689; People v. Isham, 109 Mich. 72, 67 N. W. 819; State v. Brecht, 41 Minn. 50, 42 N. W. 602; Stone v. State, 12 Okla. Crim. Rep. 313, 155 Pac. 701; see 2 C. J. 19, note 7.

Defendant relies upon the case of the State v. La Bounty, a Wash-

inf ton case reported in 64 Wash. 415, 116 Pac. 1073, in which the co· rt held that it was necessary to allege in the information that the pr secution was commenced upon complaint of the wife, and it is the on y authority that we have been able to find that sustains the defendan .'s contentions. This question was again before the Washington co irt in State v. Swazey, 125 Wash. 537, 216 Pac. 877, and the La B( nnty Case was upheld on the ground of stare decisis. Judge Bridges, in a concurring opinion says:— "Were it not for the case of State v. L₂ Bounty, cited and quoted ˙n the foregoing opinion, I should favor an affirmance of the judgmen.. In that case we held, in substance, th t it must be recited in the information that the injured spouse made co nplaint as requested by statute. The information in this case does nc : contain this averment. If we had not long ago held that the in ormation is bad because of failure to make this allegation, I would be of the opinion that such was not required by the statute and was not ne essary. But our decision to the contrary has stood for years. It do s not affect a right of property but is merely a rule of pleading and it ught not at this time to be overruled. For these reasons I concur."

I udges Holcomb and Mitchell joined in a dissenting opinion in wl ich they say the decision in State v. La Bounty was not good law an l should be overruled. So that three of the five judges of the Supr ·me Court of the State of Washington agree that it is not necessary to allege in the information that the prosecution was commenced on th complaint of the husband or wife. The demurrer was properly ov ·rruled.

It is also the contention of the defendant that the crime of adultery is an offense against the injured husband or wife and that since the hu sband or wife only can make complaint upon which a prosecution ca ι be based, that they have the right to control it and dismiss it an l that the court erred in overruling the defendant's special ] ˙ · in ba '. and calls our attention to the opinion of the great and ΌΉ. .·ΊΙ ju st, Judge Cooley, in the case of People v. Dalrymple, 55 Mich. 51 ), 22 N. W. 20. ˙ Any opinion written by so great a law-giver as Ju :ge Cooley will always command the respect and careful consideration of any court, but before Judge Cooley wrote the opinion in the ca: of People v. Dalrymple, supra, Judge John F. Dillon, an equally gr at jurist and law-giver, and Judges Chester C. Cole, George G.

Wright and Ralph P. Lowe, all great jurists and law teachers, had decided the case of State v. Baldy, 17 Iowa, 39, and the case of State v. Dingee, 17 Iowa, 232. In the latter case the court says:—"It is sufficient under this statute that the prosecution is commenced by the husband or wife and it is immaterial where it is commenced, whether before the examining magistrate or the Grand Jury. After it is thus commenced by the husband or wife *the case is in the complete control of the courts.*"

In State v. Leek, 152 Iowa, 12, 130 N. W. 1062, Judge Emlin Mc-Clain, author of McClain on Criminal Law, McClain's Annotated Statutes, and for many years the head of the law department of the State University of Iowa, says, in reference to the wife who made the complaint:—"The fact that she subsequently relented and desired that the defendant should not be convicted did not require the dismissal of the case as to the defendant after it had been properly instituted on her complaint. It is sufficient that the fact of institution of the suit upon the wife's complaint is established by a preponderance of the evidence." State v. Athey, 133 Iowa, 382, 108 N. W. 224; State v. Harmann, 135 Iowa, 167, 112 N. W. 632; State v. Ayles, 74 Or. 153, 145 Pac. 19; State v. Conklin, 164 Iowa, 718, 146 N. W. 821; State v. Dlugi, 123 Minn. 392, 143 N. W. 971.

The Michigan court has had very little to say about the case of People v. Dalrymple, supra. In the case of Hosford v. Gratiot, Circuit Judge, 129 Mich. 302, 88 N. W. 627, there is a very short per curiam opinion in which it is stated that the husband filed a paper stating facts very similar to those in People v. Dalrymple, supra. Upon filing such paper relator moved that the proceedings be dismissed and she be discharged. The court denied the motion, holding that the husband, the complaining party, could not control the suit after it was begun. The court was certainly in error *under the case above cited* and should have granted the motion. From this it appears that the District Court refused to follow the Dalrymple Case, and the Supreme Court is careful to state that the court was certainly in error *under the case above cited.*

According to our view the law on this subject is correctly stated in the case of State v. Astin, 106 Wash. 336, 4 A.L.R. 1335, 180 Pac. 394, as follows:—"The purpose of the act, as stated in the case of

State v. La Bounty, 64 Wash. 415, 116 Pac. 1073, is to put the commencement of the prosecution in the exclusive control of the injured spouse in order that reconciliation might take place, free from publicity and notoriety; but this reason no longer exists when the publicity and notoriety have occurred by the filing of the complaint or information which is necessarily of record."

It can not be otherwise. The court is not a plaything with which one can play fast and loose and the reason for the rule ceases when the complaint is made upon which prosecution is commenced.

Both the state and defendant cite State v. Wesie, 17 N. D. 567, 19 L.R.A.(N.S.) 786, 118 N. W. 20. The questions in the case at bar were not decided in the case of State v. Wesie but the court quoted with approval from the dissenting opinion in the case of State v. Roth, 17 Iowa, 336, the following:—"The meaning, I think, is that the husband or wife whose domestic peace and quiet have been disturbed, whose rights have been violated, who is willing to submit to the disgrace and ignominy, may commence the prosecution against either or both the parties to the crime, and that while they alone can commence the prosecution, when once *they commence, it must go through and the law take its course with all connected with the crime or who are legitimately involved in the prosecution.*" The language quoted is dicta but the view of the court is plain. In State v. Wesie the court held that "By the provisions of this section the spouse of either of the guilty parties is empowered to make complaint against either or both offending husband and wife." Suppose that both parties are married and the innocent husband makes a complaint against the guilty husband upon which the prosecution is commenced. He has a right to make the complaint. Can the wife of the guilty husband come into court and say "I do not want my husband prosecuted. I do not want the disgrace to myself or my children. I want to condone the offense. I did not make this complaint against him?" Can she be heard to complain? No. For the reason that the complaint has been legally made, and the plea in bar was properly overruled.

The question as to whether Mrs. Beck knowingly and intentionally signed the complaint is one of fact. It is subscribed and sworn to by Grace Beck before A. H. Burnson, Justice of the Peace. The learned and able counsel for the defense, in oral argument and in his brief,

stated that "during the trial there was but one fact in dispute, namely; whether or not the wife of the defendant, Mrs. Harry O. Beck, knowingly and intentionally made the complaint upon which the prosecution was commenced. Mrs. Beck, the wife of the defendant, did not deny that she had signed the complaint, but she did assert that it was the position of the defense that at the time she signed the complaint she did not know or understand that unless she complained the state was without authority to prosecute her husband and that she was not in possession of certain mitigating facts in connection with the crime, the knowledge of which induced her, before the trial, to petition the court for a dismissal of the prosecution." Mrs. Beck appeared at the preliminary examination and was sworn as a witness and testified that she was the wife of the defendant. She appeared as a witness for her husband at the trial but her testimony there was not nearly so strong as the statements in her special plea in bar, while the assistant state's attorney, the sheriff, the state's attorney of Wilkins county, Minnesota, the sheriff of Richland county, North Dakota, and the justice of the peace before whom the complaint was subscribed and sworn to, all testified, in substance, that the matter was thoroughly explained to Mrs. Beck before she signed and subscribed the complaint. There is abundant evidence to sustain the verdict of the jury on all questions of fact and there being no error, the judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.