[No. 9379. Department Two. August 3, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD LA BOUNTY, *Appellant*.[1]

ADULTERY—COMPLAINT BY HUSBAND OR WIFE—INFORMATION. Rem. & Bal. Code, § 2457, providing that no prosecution for adultery shall be commenced except on "complaint" of the husband or wife, prescribes a rule of law rather than a rule of evidence, and requires a complaint by the husband or wife before a magistrate; and an information by the prosecuting attorney is void if it fails to show that such complaint was made.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 8, 1910, upon a trial and conviction of adultery. Reversed.

*P. V. Davis*, for appellant.

*John F. Murphy, Herbert B. Butler*, and *Hugh M. Caldwell*, for respondent.

DUNBAR, C. J.—The appellant, a boy of eighteen years of age, was tried for committing the crime of adultery with a married woman twenty-eight years old, the mother of three children, having been married twelve years. He was convicted as charged, sentence and judgment followed, and he brings the case here on appeal.

Many errors are assigned; but with the view we take of one,

[1]Reported in 116 Pac. 1073.

it will not be necessary to discuss the others. Rem. & Bal. Code, § 2457, is as follows:

"Whenever any married woman shall have sexual intercourse with a man other than her husband, whether married or not, both shall be guilty of adultery and punished by imprisonment in the state penitentiary for not more than two years or by a fine of not more than one thousand dollars: Provided, that no prosecution for violation of this section shall be commenced except on complaint of the husband or wife, nor after one year from the commission of the offense."

The information in this case was sworn to by the prosecuting attorney of King county. The question of the sufficiency of the information was duly raised by instructions offered and refused, the court holding that the information was sufficient as filed by the prosecuting attorney. The contention of the appellant is that, under the statute, no one but the husband or wife could institute criminal proceedings for adultery; while the contention of the respondent is that the statute is not to be literally construed, but that its requirements are met if the husband or wife shall cause the proceedings to be instituted.

The pertinent question is, was the provision of the statute above cited intended to be mandatory in its nature, making a formal complaint by the husband or wife a prerequisite to the procedure prescribed; or was it intended simply to be a rule of evidence, the sufficiency of which could be submitted to the jury as a question of fact? We are inclined to the view first above expressed. Before the passage of this law by the legislature of 1909, the procedure governing this particular crime was not differentiated from the procedure in criminal actions generally; but the evident intention of the legislature which incorporated the proviso in the law was to prohibit intermeddling, evidently regarding the commission of this particular act as a crime against the husband or wife personally rather than as a crime against society, leaving the husband or wife at liberty to condone

the offense if he or she desired so to do, unembarrassed by the publicity incident to a prosecution instituted by the officers of the state.

It is insisted by the respondent that this view of the law would prevent a prosecution for the crime of adultery except upon a formal written complaint by the husband or wife filed with a magistrate. This practice would, of course, not be in conformity with the general criminal procedure. But as we have seen, under any view, the legislature intended to place a limitation upon prosecutions for this crime, and to take the procedure out of the operation of the general criminal law. The legislature had full power to deal with the subject, and when it provided that the complaint could be made only by the husband or wife, it is not inconsistent to conclude that the intention was that it could be made only in the manner provided by law for the making of complaints by private individuals. The legislature, no doubt, deemed it wise public policy to take this duty or privilege from the prosecuting attorney and confer it upon the husband or wife, and upon questions of public policy its will is supreme. It is scarcely conceivable that the legislature used the word "complaint" in the sense of lamentation, fault-finding, repining, or accusation, or in any other than its legal sense. Webster, after giving the multitudinous definitions of the word, defines "complainant in law" as one who commences a legal process by a complaint; and Bouvier says it is a technical term descriptive of proceedings before a magistrate. It must be borne in mind that the legislature was using the word in its legal sense. It was a legal proposition it was dealing with, viz., the institution of a criminal proceeding under the forms of law. One of the rights of defendant charged with this crime would be to know whether the complaint had been made by the husband or wife as prescribed by law. This information he would have a legal right to have before he could be put upon trial. The only way that he could obtain

it would be from the information or indictment itself. If the indictment or information did not disclose this fact, it would be subject to a demurrer as any other indictment would be that did not comply with the terms of the law upon which it was based. The demurrer would have to be decided upon the face of the information, and not upon testimony adduced. Hence, we conclude that the statute prescribes a rule of law instead of a rule of evidence.

The information was void, and the judgment will be reversed with instructions to dismiss the action.

MORRIS, ELLIS, CROW, and CHADWICK, JJ., concur.