## O. R. LEE et al. v. STATE.

No. A-4385.    Opinion Filed Dec. 15, 1924.

(231 Pac. 324.)

(Syllabus.)

1.  **Adultery—Prosecution to Be "Commenced" Only by Injured Spouse** In construing section 1852, Comp. Stat. 1921, defining adultery, the word "commenced" and the words "and carried on" should be construed to harmonize with the general provisions of criminal procedure. The word "commenced" implies that the injured spouse, and none other, may start the prosecution by signing a complaint.

2.  **Trial—Prosecution by Individual and by County Attorney Distinguished—Statutory Duties of County Attorney.** A private individual cannot become a public prosecutor, nor can a county attorney act as a purely private prosecutor. Our statutes make it the duty of the county attorney to appear and prosecute and defend, on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party.

3.  **Adultery—After Commencement of Prosecution, Offense Quasi Public.** After a prosecution for adultery has been commenced the offense has become at least a quasi public offense—an offense which the aggrieved party may have a special interest in continuing to prosecute, but one in which the public is also interested in some degree.

4.    **Same—Right of Injured Party to Have Prosecution Carried on Notwithstanding Divorce.** If, after the prosecution has been commenced, the offense has been condoned by the injured party, it may be to the interest of the parties, as well as to the best interests of society, that the prosecution be discontinued; but where the act has not been condoned, the injured party may still insist that the prosecution be carried on, notwithstanding the fact that pending the prosecution the martial relation has ceased because of a divorce procured by the offending spouse.

Appeal from District Court, Oklahoma County; Edward D. Oldfield, Judge.

O. R. Lee and another were convicted of adultery, and the punishment of each was fixed at confinement in the penitentiary for a term of three years, and they appeal. Modified and affirmed.

A. H. Meyer and J. S. Lewis, for plaintiffs in error.

The Attorney General, and John Barry, Asst. Atty. Gen., for the State.

BESSEY, J. The information charges that these plaintiffs in error, here referred to as the defendants, did on or about the 25th day of May, 1921, in Oklahoma county, voluntarily and feloniously have sexual intercourse with one another; that Clemmie Daves was a married woman, the wife of G. S. Daves, and not the wife of O. R. Lee, her codefendant. On the 23d day of January, 1922, the defendants were tried jointly, resulting in a verdict of guilty as to both defendants, with the punishment fixed as above stated.

The record indicates that between the time of the commencement of this prosecution and the day of trial George S. Daves, husband of the defendant Clemmie Daves, commenced an action in Tulsa county for divorce, on the ground of adultery; that defendant Clemmie Daves filed a cross-bill, alleging extreme cruelty on the part of George S. Daves, and that a divorce was rendered upon the cross-bill to defendant Clemmie Daves.

At the trial George S. Daves appeared as prosecuting witness. He testified that he was a common laborer, and that for five years preceding the commencement of this prosecution he had resided at Sand Springs, near Tulsa; that Clemmie Daves had been his wife, and that they had one child, a girl nine years old; that an attachment grew up between these codefendants, and that Clemmie Daves would from time to time absent herself from home in order to be with the defendant Lee; that upon the occasion of her last leaving the witness, in May, 1921, she and Lee came to Oklahoma City and engaged light housekeeping rooms on West Fourth street; that the complaining witness notified the Oklahoma City officers of that fact, and that the officers went to this place and found the defendants occupying apartments together, and placed them under arrest. Immediately thereafter Daves lodged a complaint against his wife and Lee, charging them with adultery.

The defendants claim that this prosecution should have been abated at and after the time of the rendition of the decree of divorce; that the prosecuting witness was no longer the injured spouse who should "carry on" the prosecution, within the meaning of the statute.

The statute under which this prosecution was brought (section 1852, Comp. Stat. 1921) reads as follows:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex; and when the crime is between persons, only one of whom is married, both are guilty of adultery. Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime: Provided, that any person may make complaint when persons are living together in open and notorious adultery."

The information, the evidence, and the instructions of the court indicated that this was a quasi private prosecution, commenced by the injured spouse, as distinguished from a prosecution for open and notorious adultery.

In construing this statute the word "commenced" and the words "and carried on" should be construed to harmonize with the general provisions of criminal procedure. There can be no question but that the word "commenced" implies that the injured party may start the proceedings by signing a complaint, and that prosecution for this offense can be begun in no other way. But after the prosecution has been so commenced it must be carried on largely by the county attorney. Under our statutes a private individual cannot become a public prosecutor, nor can a county attorney act purely as a private prosecutor. Section 5741, Comp. Stat. 1921, provides that it shall be the duty of the county attorney to appear and prosecute and defend, on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party.

After a prosecution for adultery has been commenced, the offense has become at least a quasi public offense, a prosecution which the aggrieved party may have a special interest in maintaining, but one in which the public is also interested in some degree.

It was held in State v. Astin, 106 Wash. 336, 180 P. 394, 4 A. L. R. 1335, that such a case, after the complaint is filed, is no longer a matter of purely private concern, but has partaken of all of the attributes of a public offense, and the injured spouse should have no more right to control the further proceedings in the case than should the complaining witness in any other criminal action.

In Iowa it has been held that it is not error for the court to proceed with the trial of an indictment for adultery where the wife does not appear to prosecute; the prosecution having been commenced by her as required by statute. State v. Athey, 133 Iowa, 382, 108 N. W. 224; State v. Briggs, 68 Iowa, 416, 27 N. W. 358; State v. Baldy, 17 Iowa, 39.

In Michigan it has been held that the prosecution may be abated at the request of the injured spouse.

In Iowa, Michigan, and Washington the statutes provide that such a prosecution must be commenced by the injured spouse, but in none of these states, nor in any other state so far as we have been able to find, does the statute contain the additional words "and carried on" as they appear in our statute.

In this case the injured party made no request that the prosecution should abate, and that question is therefore not before us for determination. Here the injured party commenced the prosecution, and actively assisted the prosecutor in carrying it on. The offense had not been condoned by him, and no reconciliation had taken place, and the party originally injured still desired that the prosecution be maintained. The demand that the prosecution should be discontinued emanated from the persons who had outraged the marital rights and relations of the injured husband, upon the sole and only ground that the offending party had in the meantime obtained a divorce, thus making the aggrieved husband a single man, and, as they claimed, rendering him incapable of assisting the county attorney to "carry on" the prosecution. Where the injured party insists on the carrying on of the prosecution, it would amount to an absurdity to permit the wrongdoer thus to defeat the ends of justice. It would be irrational to hold that a decree of divorce in favor of the

wrongdoer, rendered pending the carrying on of a prosecution of this character, would, ipso facto, abate the action.

The use of the words "and carried on" was doubtless for the purpose of giving relief to the parties most interested after the offense has been condoned and a reconciliation in good faith has taken place before the time of the trial. Where a statute may be construed in either of two ways, one amounting to an absurdity and the other constituting a rational interpretation of the intent of the lawmakers, it is the duty of the courts to adopt the more rational construction. 25 R. C. L., "Construction of Statutes," § 214.

If, after the prosecution has been commenced, the offense has been condoned by the injured party, it may be to the best interests of the parties, as well as to the interest of society, that the prosecution be discontinued, and we believe that it was the purpose of the Legislature to provide for such a contingency when this statute was enacted.

The decree of divorce did not operate to disqualify the injured husband as a witness. His testimony, and that of the other witnesses, conclusively established the adulterous relation. The right to maintain the prosecution was challenged for the first time by a demurrer to the evidence, upon the sole ground that a divorce had been granted to the offending party after the commencement of the prosecution. We hold that this demurrer was properly overruled.

The defendants offered no testimony and interposed no defense, relying solely upon the fact that the marital relation had been dissolved. This, under circumstances like this, was insufficient.

Since this was a prosecution to penalize a private wrong, and since the complaining party may not have been entirely

blameless, the judgment of the trial court as to each defendant will be modified to confinement in the penitentiary for a term of a year and a day, and as so modified the judgment is affirmed.

MATSON, P. J., and DOYLE, J., concur.