## JOHN TAYLOR v. STATE.

No. A-4808.   Opinion Filed Feb. 12, 1925.
(232 Pac. 963.)

(Syllabus.)

1.   **Adultery—Injured Spouse Refusing to Prosecute—Dismissal.** In a prosecution for adultery, the fact that the injured spouse, who instituted the prosecution, subsequently relents and refuses to carry on the prosecution requires a dismissal of the case.

2.   **Same—Dismissal When Injured Spouse Files Affidavit Praying that Prosecution Be Dismissed.**   The statute provides that: "Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime." Comp. Stats. 1921, § 1852. Held, that the requirements are mandatory, and a prosecution for adultery, commenced on complaint of an injured spouse, should be dismissed when he or she files an affidavit stating that the offense has been condoned, and praying that the prosecution be dismissed.

Appeal from District Court, Bryan County; Porter Newman, Judge.

John Taylor was convicted of adultery, and he appeals. Reversed and remanded, with directions.

Hatchett & Ferguson, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges that the defendants, John Taylor and Ruby Allen, on the 4th day of January, 1923, in Bryan county, committed the crime of adultery by having voluntary sexual intercourse with each other, "said Ruby Allen then and there being a married woman and the wife of John Allen."

Many errors are assigned, but, with the view we take of one, it is neither important nor necessary to discuss the others.   It appears that the original complaint in

this case was sworn to by John Allen, husband of Ruby Allen; that defendants waived preliminary examination, and were held to the district court; that after the information was filed, and before the case was called for trial, the prosecuting witness filed an affidavit in which he says that he is now living with the said Ruby Allen as her husband, and praying that the prosecution be dismissed.

A severance was granted, and on his trial the defendant, John Taylor, was by the jury found guilty, and his punishment fixed at imprisonment in the penitentiary for the term of one year. He appeals from the judgment rendered on the verdict.

The Attorney General concedes that the conviction should be reversed, on the ground that the record shows that the prosecuting witness refused to carry on the prosecution, and did not appear as a witness on the trial of the case. There is much conflict of authority as to the right of an injured spouse to discontinue a prosecution for adultery which he or she has instituted.

In the case of State v. Astin, 101 Wash. 336, 180 P. 394, 4 A. L. R. 1335, it was held that:

"The wronged spouse cannot, under a statute providing that no prosecution for adultery can be instituted except by his or her complaint, discontinue a prosecution once begun"—citing State v. Leek, 152 Iowa, 12, 130 N. W. 1062.

This holding was upon the theory that, while adultery is an offense against the injured party, and primarily a private concern, after the complaint is filed, it is no longer a matter of private concern, but has partaken of all the attributes of a public offense, relieving the injured spouse of further right to control the proceedings by repenting and demanding a dismissal. Chief Justice Chadwick wrote a dissenting opinion, and after reviewing the authorities said:

"In any event, it should be held that the dismissal of a charge of adultery on the request of an injured spouse is a matter within the discretion of the trial court. The writer of the majority opinion falls into most grievous error when he says: 'The case, after the complaint is filed, is no longer a matter of private concern, but has partaken of all the attributes of a public offense, and the injured spouse should have no more right to control the future disposition of the case than should the complaining witness in any other criminal action.'

"The premise is wrong in that it gives to adultery the status of a crime at common law. It is made so only by statute, and a prosecution is put in the keeping of the injured spouse. A charge of adultery never ceases to be a matter of private concern. It is so far removed from the ordinary crime that no cases hold that the information must charge that the act was either unlawful, willful, or felonious. The statute does not make the exception that the majority makes, nor does it put a limitation upon the right of the injured spouse to save to himself or herself the embarrassment incident to a prosecution, which is the purpose of the law, at any stage of the case. The law does not say that we may depart from the spirit of the law, and hold a forgiving spouse to a prosecution that must, from the very fact of the publishing of the details of the crime in open court, tend most strongly to a final disruption of the home; and most certainly to the shame of innocent children, if there be any children. If the law does not say that case must be continued, why should we? And to what end must it proceed—that a prosecutor may dangle a scalp at his belt; that the public may feed upon the blood that flows from broken hearts; that an offense that is personal (State v. La Bounty, 64 Wash. 415, 116 Pac. 1073) may, by a killing of the spirit of the law, become a written monument to blazen those errors that come of the frailties and weaknesses that our Mother Nature has burdened her children with? If the injured one is willing to forgive and forget, the law—there being no public interest in the crime charged—should not be less merciful. A charge may be forgotten, but the hurts and wounds that follow a public trial are rarely healed."

In Michigan it was held that the injured spouse may terminate a prosecution for adultery which he or she

has instituted. Hosford v. Gratiot, Circuit Judge, 120 Mich. 302, 88 N. W. 627. In People v. Dalrymple, 55 Mich. 519, 22 N. W. 20, where a wife instituted a prosecution for adultery pursuant to a statute limiting such right to an injured spouse, and subsequently asked that the cause be discontinued, it was held that a conviction to which the prosecuting attorney had pressed the case "must be set aside"; Cooley, C. J., saying:

"Perhaps the letter of the statute was not disregarded in this action, but its spirit was."

Our Criminal Code provides that:

"Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime." Section 1852, Comp. Stats. 1921.

In Stone v. State, 12 Okla. Cr. 313, 155 P. 701, it is said:

"The apparent intention of the Legislature as to this offense being that if the parties injured wish to condone the wrong done, then no one else ought to be allowed to move in the matter; and, where there are two persons injured, either may complain, as, where the guilty parties are both married, the husband of the one or the wife of the other may make the complaint against either or both of the parties to the crime."

In Kitchens v. State, 10 Okla. Cr. 603, 140 P. 619, it is said:

"That such complaint has not been made may operate to withhold authority to prosecute or punish, but this does not affect the question of the actual guilt of the offending parties. The requirement is founded partly on principles of public policy which lie at the basis of civil society. If the parties injured choose to condone the wrong done, then no one else ought to be allowed to move in the matter."

In Lee et al. v. State, 28 Okla. Cr. 397, 231 P. 324, it is said:

"The use of the words 'and carried on' was doubtless for the purpose of giving relief to the parties most interested after the offense has been condoned, and a reconciliation in good faith has taken place before the time of the trial. * * * If, after the prosecution has been commenced, the offense has been condoned by the injured party, it may be to the best interests of the parties, as well as to the interest of society, that the prosecution be discontinued, and we believe that it was the purpose of the Legislature to provide for such a contingency when this statute was enacted."

Under the provision of the statute above cited, the procedure governing this particular offense is differentiated from the procedure in criminal actions generally, and it provides an exception to the common-law rule that neither husband or wife can be a witness against the other in prosecutions for adultery (2 Whart. Cr. Law [10th Ed.] 1763) ; and to the statute providing that neither husband nor wife shall in no event on a criminal trial be permitted to disclose communications made by one to the other, except on a trial for an offense committed by one against the other (Comp. Stats. 1921, § 2699; Heacock v. State, 4 Okla. Cr. 606, 112 P. 949).

Evidently the Legislature intended to place a limitation upon prosecutions for this offense, and to take the procedure out of the operation of the general criminal law. The Legislature had full power to deal with the subject, and, evidently regarding the commission of this particular act as an offense against the husband or wife personally, rather than as an offense against society, provided that prosecution could be commenced and carried on only by the injured spouse, leaving the injured spouse at liberty to condone the offense if he or she desired so to do, unembarrassed by the publicity incident to a pros-

ecution commenced and carried on by the officers of the state.   The Legislature no doubt deemed it wise public policy to take this duty or privilege from the prosecuting attorney and confer it upon the injured spouse, and upon questions of public policy its will is supreme.

On the record before us we are convinced that both the letter and the spirit of the statute was disregarded in carrying on the prosecution in this case, after the prosecuting witness condoned the offense and refused to carry on the prosecution as required by the statute.

For the reasons stated, the judgment of the district court is reversed and the case remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.