## Ex parte JOSEPH F. LAWRENCE.

No. A-5474.  Opinion Filed March 12, 1925.
(233 Pac. 1101.)

(Syllabus.)

1. **Habeas Corpus—Writ not to be Used as Substitute for Appeal.**
The writ of habeas corpus cannot be used to perform the office of a writ of error or appeal; there must be illegality or irregularity sufficient to render the proceedings void.

2. **Adultery—Refusal of Injured Spouse to Prosecute—Dismissal.**
In a prosecution for adultery, the fact that the injured spouse who instituted the prosecution, subsequently relents and refuses to carry on the prosecution, requires a dismissal of the case.

3. **Same.** The statute provides that: "Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime." Comp. Stats. 1921, § 1852.

Held, that the requirements are mandatory and a prosecution for adultery commenced on complaint of an injured spouse should be dismissed when he or she files an affidavit stating that the offense has been condoned and praying that the prosecution be dismissed.

4. **Habeas Corpus—Person Imprisoned on Unauthorized Proceedings Discharged.** One imprisoned on proceedings not authorized by law will be discharged on habeas corpus.

Application of Joseph F. Lawrence for writ of habeas corpus. Writ allowed, and petitioner discharged.

R. Y. Nance and John A. Goodall, for petitioner.

George F. Short, Atty. Gen., Charles Hill Johns, Asst. Atty. Gen., and W. A. Corley, Co. Atty., for respondent.

DOYLE, J.  The petition for writ of habeas corpus shows that Joseph F. Lawrence was tried in the district court of Adair county on an information charging that in Adair county on or about the 28th day of January, 1925, Joseph F. Lawrence and Nona Gilmore "did then

and there unlawfully, voluntarily and feloniously have sexual intercourse with each other, the said Nona Gilmore then and there being a married woman and the wife of Ben Gilmore, the complaining witness in this case." The jury returned a verdict finding him guilty as charged and fixing his punishment at imprisonment in the penitentiary for a term of three years. That petitioner is now held in custody under such conviction and praying that a writ of habeas corpus issue to the sheriff of Adair county to the end that petitioner may be released from such imprisonment.

On the application to this court counsel for petitioner and counsel for the state filed a stipulation that the writ need not issue in the first instance, and that the case be submitted and disposed of upon the following agreed statement of facts:

"I. That Joseph F. Lawrence is a single man.

"II. That Ben Gilmore and Nona Gilmore were duly and legally married and were husband and wife at the time of the commencement of this prosecution and at the trial thereof in the district court of Adair county, Okla., on March 6, 1925.

"III. That on the 28th day of January, 1925, Ben Gilmore, husband of Nona Gilmore, filed before W. A. Scofield, county judge of Adair county, Okla., and acting as examining magistrate, a preliminary complaint charging Joseph F. Lawrence and Nona Gilmore with the crime of adultery, and that a time was set for a preliminary hearing, and that when said cause was called for preliminary hearing before W. A. Scofield as examining magistrate, the defendants each waived such hearing and were bound over for trial to the March, 1925, term of the district court af Adair county, Okla.

"IV. That on the 5th day of March, and prior to the time set for trial of said cause in said district court, Ben Gilmore filed in said court a motion to dismiss said cause, giving as his reason therefor that he had condoned

the offense and that he and his wife were then living together as husband and wife and that he did not want to prosecute said cause further, which motion was overruled by the court and exceptions to the ruling of the court duly saved by the defendant. And that thereafter on the 6th day of March at the time set for the trial of said cause, the same was called in regular order, the defendant challenging the jurisdiction of the court, objecting to the impaneling of the jury or to the taking of any testimony therein, and declining to plead to said charge; all of which objections were overruled by the court and exceptions saved by the defendant. That thereupon a jury was duly impaneled and sworn to try said cause, and Ben Gilmore, the prosecuting witness and husband of Nona Gilmore, was called as a witness in behalf of the state. That when called to the stand he announced to the court that he desired to dismiss said cause and asked the court if he would be compelled to testify against the defendant. That upon being advised that he would have to testify, he then gave his testimony. That upon cross-examination he said that all testimony given by him was given over his objections and that he did not desire to prosecute said cause. That other witnesses were called and examined and the jury instructed, retired, and returned into court with a verdict finding the defendant guilty and fixing his punishment at three years in the state penitentiary.

"V. That the said Joseph F. Lawrence is not a citizen of Adair county, Okla., was unable to employ counsel, and that R. Y. Nance was appointed by the court to present his defense to said court and jury on the 2d day of March, 1925, four days prior to said trial.

"VI. That the said Joseph F. Lawrence was arrested on the 27th day of January, 1925, and that he was unable to make bail for his appearance at the March term of the district court of Adair county, Okla., and has been confined in the county jail since said date and is now confined in the county jail of Adair county, Okla."

Section 1852, Comp. St. 1921, provides:

"Prosecution for adultery can be commenced and carried on against either of the parties to the crime only

by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime."

Construing this provision of the Code in Taylor v. State, 29 Okla. Cr. 160, 232 P. 963, it was held by this court that—

"In a prosecution for adultery, the fact that the injured spouse, who instituted the prosecution, subsequently relents and refuses to carry on the prosecution requires a dismissal of the case."

And further:

"That the requirements are mandatory, and a prosecution for adultery, commenced on complaint of an injured spouse, should be dismissed when he or she files an affidavit stating that the offense has been condoned, and praying that the prosecution be dismissed."

In the opinion it is said:

"Evidently the Legislature intended to place a limitation upon prosecutions for this offense, and to take the procedure out of the operation of the general criminal law. The Legislature had full power to deal with the subject, and, evidently regarding the commission of this particular act as an offense against the husband or wife personally, rather than as an offense against society, provided that prosecution could be commenced and carried on only by the injured spouse, leaving the injured spouse at liberty to condone the offense if he or she desired so to do, unembarrassed by the publicity incident to a prosecution commenced and carried on by the officers of the state. The Legislature no doubt deemed it wise public policy to take this duty or privilege from the prosecuting attorney and confer it upon the injured spouse, and upon questions of public policy its will is supreme."

It is settled law that the writ of habeas corpus cannot be used to perform the office of a writ of error, and cannot be substituted for an appeal. There must be illegality or irregularity sufficient to render the proceed-

ings void. Ex parte Barnette, 29 Okla. Cr. 80, 232 P. 456.

It follows that the question presented is: Was the court's action in overruling the prosecuting witness' motion to dismiss a mere irregularity in procedure, or did it render the action of the court thereafter illegal? In other words, was it merely an error that would be reversible on appeal, or one that rendered subsequent proceedings void?

Our statute on habeas corpus (section 421, Comp. Stats. 1921), provides:

"Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."

This section makes it the duty of this court to discharge the petitioner if the imprisonment of which he complains is illegal.

Under the holding of this court in the case of Taylor v. State, supra, and for the reasons stated in the opinion in the case, we are of opinion that the trial court was without jurisdiction to try petitioner, and that any judgment it might render on the verdict returned on the trial of petitioner would be void. Habeas corpus is therefore the proper remedy.

It is therefore adjudged and ordered that petitioner be discharged from the imprisonment of which he complains.

BESSEY, P. J., and EDWARDS, J., concur.