## PHILLIP FLAXMAN v. STATE.

No. A-5598.    Opinion Filed July 30, 1925.
(238 Pac. 234.)

Massingale & Duff, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error appeals from a conviction in the district court of Kiowa county on a charge of adultery and resulting sentence to pay a fine of $500 and be confined in the state reformatory at Granite for a term of one year.

The Attorney General has filed a motion asking that this court modify said judgment and sentence to a fine of $500 and the payment of court costs by the plaintiff in error, and for grounds of his motion says:

"That on or about the 3d day of July, 1924, one S. H. Arnold and wife, Billie Arnold, were living in Cordell in Washita county; that the said S. H. Arnold was 25 years of age, and his wife was 19 years of age at that date; that on the same date one Phillip Flaxman, plaintiff in error, and his wife, were living in Cordell; that said Flaxman was near the age of 21, and his wife approximately 19 years of age; that plaintiff in error, Flaxman, and his wife had been married for 2 years and had one child; that on or about the 30th day of May, 1924, an adulterous relationship began between plaintiff in error,

Phillip Flaxman, and Billie Arnold, the wife of said S. H. Arnold, that this relationship continued at intervals up and to the 3d day of July, at which date said S. H. Arnold discovered said immoral relationship existing between his wife, Billie Arnold, and plaintiff in error, Flaxman; that said S. H. Arnold, upon learning of said relationship, presented said facts to the county attorney of Washita county, and instituted proceedings against both plaintiff in error, Flaxman, and Billie Arnold, charging them with the crime of adultery; that said plaintiff in error, Flaxman, and Billie Arnold were arrested, brought before a committing magistrate, waived preliminary hearing and bound over to answer charges in the district court of Washita county, Okla.; that some few days after plaintiff in error, Flaxman, and Billie Arnold were bound over to the district court of Washita county to answer said charges of adultery, it was further ascertained that the adulterous relationship between Flaxman and Billie Arnold had also been carried on in Kiowa county; that the said S. H. Arnold, the prosecuting witness, represented to the county attorney of Washita county that his home had been ruined forever, and that his life had been wrecked; the said S. H. Arnold caused charges to be filed against the plaintiff in error, Flaxman, in Kiowa county, charging said plaintiff in error, Flaxman, with the commission of the crime of adultery; that later the said S. H. Arnold refused to prosecute the charges in Washita county, and the same were dismissed both against plaintiff in error, Flaxman, and Billie Arnold; that plaintiff in error, Flaxman, was prosecuted in Kiowa county upon said charge of adultery, and was found guilty by the jury and his punishment left to the court; that said punishment was fixed at a fine of $500 and one year in the penitentiary; that subsequent to said conviction the said S. H. Arnold has condoned the acts of his wife, Billie Arnold, and they have been reconciled and are now living together as man and wife.

"The honorable J. O. Springer, county attorney of Washita county, said Springer having prosecuted plaintiff in error, Flaxman, in Kiowa county, is now of the opinion that the judgment and sentence of the plaintiff in error Flaxman, should be commuted to a $500 fine and payment of costs, as is shown by his letter to the Attorney General of the state of Oklahoma under date of June 14th; a copy

of said letter is hereto attached, marked Exhibit A and made a part of this motion. It is further shown that plaintiff in error, Flaxman, is willing to pay the $500 fine and costs in the event the judgment and sentence be affirmed and modified in concurrence with this motion. It is further shown that plaintiff in error, Flaxman, is now living at Erick, Beckham county, Okla., and since this conviction has been conducting himself as a law-abiding citizen."

Counsel for plaintiff in error also filed a motion asking the court to allow the Attorney General's motion to modify and affirm as requested therein, and that plaintiff in error will pay the said fine of $500 and costs immediately upon the granting of said motion to modify and affirm.

Upon a careful examination of the record in connection with the motion to modify, our conclusion is that the motion to modify should be allowed. In Taylor v. State, 29 Okla. Cr. 160, 232 P. 963, it was held by this court that:

"In a prosecution for adultery, the fact that the injured spouse, who instituted the prosecution, subsequently relents and refuses to carry on the prosecution requires a dismissal of the case."

The judgment herein appealed from will therefore be modified to a fine of $500 and the costs; as thus modified the judgment is affirmed.

BESSEY, J., concurs.

EDWARDS, J., disqualified.